937 F.2d 622
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles C. CLOUTIER, Sr. and Joyce Boudreaux Cloutier,
Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5090.
 United States Court of Appeals, Federal Circuit.
 June 3, 1991.
 
 19 Cl.Ct. 326.
 AFFIRMED
 Before RICH, ARCHER and MICHEL, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Charles C. Cloutier, Sr. and Joyce Boudreaux Cloutier appeal the United States Claims Court's dismissal on summary judgment of their claim that the government's extension of a floodwall created an implied easement on their property. Cloutier v. United States, 19 Cl.Ct. 326 (1990). We affirm.
 
 OPINION
 
 2
 The Cloutiers brought suit in the Claims Court seeking $350,000 as compensation for the taking of their land under (1) the Fifth Amendment of the Constitution and (2) an implied-in-fact contract under 33 U.S.C. Secs. 702a-10, 702d (1988). Id. at 327. The taking was alleged to have occurred when the government extended the height of a floodwall on property adjoining their property. The Claims Court granted the government's motion to dismiss under Rule 12(b)(1) of the Rules of the United States Claims Court (RUSCC).
 
 
 3
 We review the Claims Court's decision to grant summary judgment de novo. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed.Cir.1987). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. RUSCC 56(c).
 
 
 4
 * The Cloutiers argue that the government's extension of the height of the floodwall on the adjoining property constitutes a taking of their property under the Fifth Amendment. The government can take property without directly seizing and controlling it, United States v. Cress, 243 U.S. 316, 328 (1917), but this court recently explained that:
 
 
 5
 "[p]roperty is taken in the constitutional sense when inroads are made upon an owner's use of it to an extent that, as between private parties, a servitude has been acquired either by agreement or in course of time." ... to show a servitude has been imposed through a taking by flooding, a plaintiff must prove that the land is subject to permanent or inevitably recurring floods.
 
 
 6
 Turner v. United States, 901 F.2d 1093, 1095 (Fed.Cir.1990) (citations omitted; emphasis added) (quoting United States v. Dickinson, 331 U.S. 745, 748 (1947)).
 
 
 7
 The Claims Court stated it was undisputed that flood waters of the Atchafalaya River had never risen to the thirteen-foot height of the original floodwall since its completion in 1947, and that the new, higher floodwall had not diverted any flood waters above thirteen feet since its completion in May, 1986. It was also undisputed that when the original floodwall was constructed "the government purchased flowage easements from property owners on the river side of the floodwall based upon the amount of water the floodwall would cause to be contained on their property." Cloutier, 19 Cl.Ct. at 327. No evidence was adduced by the Cloutiers to show that the new floodwall would at any time in the immediate future divert such flood waters above the thirteen-foot level. As a result, the Claims Court concluded that "it is impossible to determine with any degree of certainty at this point exactly where such future flooding might occur, how high it might go, ... or how long the river might be expected to flow above the 13 foot level." Id. at 329. Relief cannot be granted on the mere possibility that there may be a taking at some point in the future. See Danforth v. United States, 308 U.S. 271, 286 (1939); see also Agins v. Tiburon, 447 U.S. 255, 260 (1980); Florida Rock Industries v. United States, 791 F.2d 893, 905 (Fed.Cir.1986).
 
 
 8
 The Cloutiers urge us to follow Kincaid v. United States, 37 F.2d 602 (W.D.La.1929), rev'd on other grounds sub nom. Hurley v. Kincaid, 285 U.S. 95 (1932), where the district court stated "[i]t cannot be that, if the owner is entitled to compensation, he must wait until an overflow comes." Id. at 608. The district court's opinion has never been cited as authority by any other federal court, and we find the district court's reasoning inapposite in this case. Any attempt to compensate the Cloutiers for future injury would improperly be based on speculation and conjecture. See, e.g., Olson v. United States, 292 U.S. 246, 257 (1934).
 
 II
 
 9
 The Cloutiers also argue that 33 U.S.C. 702d affords them the right to compensation. This subsection reads:
 
 
 10
 The United States shall provide flowage rights for additional destructive flood waters that will pass by reason of diversions from the main channel of the Mississippi River.
 
 
 11
 (Emphasis added.)
 
 
 12
 The Cloutiers contend that the Claims Court misconstrued the statute as requiring that a plaintiff actually be injured by flood water before a suit is timely. Whatever the breadth of a plaintiff's rights under the Act[1], they manifestly do not afford a right of action when no damage can be shown. The government need not provide flowage rights unless it is demonstrated that destructive flood waters will "pass" over the Cloutier's property. As previously noted, the Claims Court found that no flooding had occurred on the Cloutiers' property because of the floodwall extension, and none was shown to be imminent. If such proof becomes available, the Cloutiers may file a new complaint, as the Claims Court dismissed this one without prejudice.
 
 
 
 [1]
 The government argues that any remedy for its failure to acquire additional flowage rights pursuant to section 702d lies exclusively in a Tucker Act suit for a Fifth Amendment taking. It is unnecessary to consider whether this is a proper construction of the statute